WILLIAM R. FULTON and JANA J. FULTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fulton v. Commissioner
Docket No. 7882-77.
United States Tax Court
T.C. Memo 1979-265; 1979 Tax Ct. Memo LEXIS 258; 38 T.C.M. (CCH) 1046; T.C.M. (RIA) 79265; July 17, 1979, Filed *258 Held, respondent's determination that a portion of the stipend petitioner received was compensation for services he performed for the benefit of the University and, therefore, was not excludable under sec. 117, I.R.C. 1954, is sustained. William R. Fulton, pro se. Albert B. Kerkhove, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies of $116 and $387 in petitioners' Federal income tax for *259 taxable years 1973 and 1974, respectively. The sole issue for decision is whether petitioners may, under section 117, [1] exclude from income payments received as a graduate stipend in an amount greater than that excluded by respondent in his notice of deficiency. FINDINGS OF FACT William R. (hereinafter petitioner) and Jana J. Fulton, husband and wife, resided in Lincoln, Nebraska, when they timely filed their 1973 and 1974 joint Federal income tax returns with the Internal Revenue Service Center at Ogden, Utah, and when they filed their petition in this case. They are cash method calendar year taxpayers. In 1970, petitioner applied for admission as a graduate student at the Unversity of Nebraska (hereinafter University). At this time, he also successfully applied for an assistantship in the Animal Science Department, which he held until January 1975. Petitioner received his master's degree in 1972. During 1973 and 1974, the taxable years at issue, he was a candidate in a Ph.D. program of the University's Animal Science Department (hereinafter Department). Financial need was not a factor *260 considered by the University when granting assistantships. The amount of the assistantship stipend received by petitioner was on a graduated scale depending on satisfactory progress. Petitioner was expected to perform 22 hours of work per week in the Department's research program and in research for his thesis. University recommendations for fellowships or graduate assistantships requiring 20 hours of research per week specified that the time be divided equally between thesis and non-thesis research. The Jniversity's graudate catalog does not clearly define the exact responsibilities of graduate students in the various departments. The brochure prepared by the University's College of Agriculture and Home Economics, however, described the Animal Science Department as supporting Nebraska's animal agriculture with a research program for developing new technology, with a teaching program for developing people, and with an extension program for solving problems. The Department's objectives of providing for research, teaching, and extension programs were more specifically defined as follows: Research: Improve productive efficiency of livestock and their products * * * Teaching: *261 Provide a learning environment wherein individuals are offered opportunities to become productive members of society * * * Extension: Provide the livestock industry of Nebraska with information for decision making * * * In 1972 the Department proposed an agricultural research project entitled "Utilizing Wheat in Beef Cattle Rations" which provided for salaries for graduate assistants. In the same year the Department of Agriculture of the State of Nebraska and the Board of Regents of the University entered into a "Wheat Utilization in Beef Cattle Rations Study Agreement" (hereinafter Study) based on the Department's proposal. The objectives of the Study, as provided in the agreement, were to determine the digestibility and microbial fermentation patterns with wheat in beef cattle rations that could increase the level of wheat used in finishing rations for beef cattle. Under the agreement, the University was obligated as follows: 1. To investigate feeding programs that could increase the level of wheat that can be used in rations of beef cattle. 2. To determine maximum level of feeding of good feeding and poor feeding Nebraska wheat varieties. 3. To further study *262 the use of additives such as buffers, fat and antibotics for the prevention of lactic acidosis. 4. To study management practices which may influence cattle response to high wheat rations. 5. To provide Department with a fiscal year-end progress report. The Study was funded with tax fund appropriations by the Nebraska Wheat Commission through the Department of Agriculture of the State of Nebraska. The Nebraska Wheat Commission was interested in knowing the various nutritive value characteristics of wheat grown in Nebraska and other parts of the United States. As a graduate student with an assistantship, petitioner was involved in the study and in writing the report called for in the agreement. His research conducted during the Study resulted in publications in the Nebraska Beef Cattle Report. Petitioner's master's thesis also included the data published in the Nebraska Beef Cattle Reports. The Nebraska Beef Cattle Report is used in teaching, research, and extension programs by the University. The extension program is a service provided by the University of passing on educational information and material to the people in Nebraska and across the country. In 1973 *263 and 1974 petitioner received the respective amounts of $4,149.96 and $4,425.00 from the University. The University treated the payments to petitioner as wages and withheld Federal and state income taxes. Petitioner excluded these payments from his income tax return. In his notice of deficiency, respondent determined that only one-half of the payments were excludable as scholarship or fellowship income under section 117. He claims that the excess was payment for services performed making it includable in petitioner's income in the taxable years received. OPINION The sole issue for decision is whether petitioners may, under section 117, exclude from income payments received as a graduate stipend in excess of the amount allowed in respondent's notice of deficiency. Petitioner claims that the payments received from the University should be excludable in their entirety because the primary purpose of the payments was to further his education and trainining. Respondent agrees that one-half of the payments are excludable from petitioner's income, but argues that the other one-half represents compensation for services rendered because: (1) their primary purpose was for non-thesis *264 research, not to further the education of petitioner; (2) petitioner's financial need was not a primary consideration for his receiving the assistantship; (3) the potential benefit of petitioner's services to the University was a consideration; (4) the University did not specifically state that non-thesis research was a requirement applied to all candidates of the degree toward which petitioner was working. For reasons set out below, we agree with respondent. Section 117(a) excludes from gross income stipends which qualify as scholarships or fellowship grants. Section 117(b)(1) provides that in the case of degree candidates, the exclusion from gross income does not apply to payments for teaching, research or other services in the nature of part-time employment required as a condition to receiving the scholarship or fellowship grant. An exception is carved out of the rule in section 117(b)(1) where the teaching, research or other services are required of all degree candidates. Section 1.117-4(c), Income Tax Regs., provides that payments as "compensation for past, present, or future employment services" and payment made to "an individual to enable him to pursue studies or research *265 primarily for the benefit of the grantor" are not excludable as scholarships or fellowship grants. The Supreme Court upheld these regulations in Bingler v. Johnson,394 U.S. 741 (1969). We are persuaded on the basis of the record [2] that respondent's determination that one-half the payments to petitioner in 1973 and 1974 represented compensation for services rendered for the benefit of the University and therefore were not excludable from income under section 117 as fellowship and scholarship grants is correct. Petitioner was required to spend 10 hours per week on non-thesis research which satisfied the University's contractual obligation with the Nebraska Wheat Commission. The results of this research was published in the Nebraska Beef Cattle Reports, a University publication by the Animal Science Department fulfilling one of the Department's objectives of providing a public service through its extension program. Furthermore, it does not appear that the non-thesis research was performed in satisfaction of the Department's requirements for Ph.D. candidates. The assistanship was not given on the basis of financial *266 need and the University treated the payments as wages by withholding Federal and state income taxes. We cannot find that the non-thesis research was for the primary purpose of furthering petitioner's education and training. Petitioner's services constituted a "substantial quid pro quo" for one-half the stipend from the University. See Bingler v. Johnson,supra at 751. Therefore, he must include one-half the payments received, $2,075.00 in 1973 and $2,212.50 in 1974, in his income for those years. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner failed to submit briefs.↩